FIRST ARKANSAS BAIL BONDS, INC. *v.*
STATE of Arkansas

CA CR 07-1151                                284 S.W.3d 115

Court of Appeals of Arkansas
Opinion delivered May 14, 2008

*Ables Law Firm, P.A.*, by: *Lisa Jones-Ables*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

SARAH HEFFLEY, Judge. Appellant appeals the order of forfeiture of bail bond entered against it in the Lonoke County Circuit Court. On appeal, appellant asserts that the trial court should have dismissed the bond forfeiture action because the State failed to file a civil forfeiture action separate from the criminal proceeding. We find no merit in appellant's argument and affirm.

On January 13, 2006, Leonardo Gonzalez was arrested and charged with felony possession of a controlled substance with intent to deliver. Appellant executed a bail bond in the amount of $50,000 to ensure Gonzalez's appearance in court. When Gonzalez failed to appear in court on June 20, 2006, however, a bench warrant was issued for Gonzalez's arrest, and a summons/order for appellant to appear and show cause why the bail bond should not be forfeited was issued. Appellant received this summons/order by certified mail on June 30, 2006.

Appellant appeared at several subsequent show cause hearings held on October 10, 2006, December 18, 2006, and February 13, 2007. On March 22, 2007, appellant filed a motion to dismiss

the bond forfeiture action, arguing that a separate civil case was never filed by the State and that the court did not have jurisdiction to enter a civil forfeiture judgment in a criminal action. At a hearing on the matter held on July 16, 2007, appellant cited Ark. Code Ann. § 16-84-207 (Repl. 2005), which governs actions on bail bonds in circuit courts, and specifically subsection (e)(2), which states: "The summons required under subsection (b) of this section shall be made returnable and shall be executed as in civil actions, and the action shall be docketed and shall proceed as an ordinary civil action." Appellant argued that under this statute, the State was required to file a civil forfeiture action separate from the criminal proceeding, and because this was not done, no judgment could be entered against appellant.

In an order filed July 17, 2007, the circuit court found appellant's argument unpersuasive. First, the court stated that Rule 4 of the Arkansas Rules of Civil Procedure provides that a summons shall be styled in the name of the court, contain the names of the parties, be directed to the defendant, contain the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff and the time required to appear. The court noted that the order for issuance of arrest warrant and summons/order for surety to appear complied with these requirements of Rule 4 and therefore complied with Ark. Code Ann. § 16-84-207(e)(2). Second, the court found that the motion to dismiss was not made until approximately nine months after appellant was served, and thus was "clearly outside the proper time for the filing of such motions." An order for forfeiture of the bail bond was entered on July 24, 2007, and appellant filed a notice of appeal on August 9, 2007.

■ On appeal, appellant again argues that the State failed to comply with Ark. Code Ann. § 16-84-207(e)(2) by failing to initiate a separate civil forfeiture action, and the court erred in entering a civil judgment in a criminal action. In essence, appellant is arguing that the trial court lacked jurisdiction to enter the forfeiture order. Appellant's argument may appear untimely, as it was not raised to the trial court until almost nine months after appellant was served and had appeared at multiple hearings without objection; however, jurisdiction cannot be waived and can be raised at any time. *Avery v. State*, 93 Ark. App. 112, 217 S.W.3d 162 (2005). Nonetheless, we hold that the trial court properly exercised jurisdiction and ordered the bond forfeited.

Appellant is simply incorrect in its interpretation of section 16-84-207(e)(2). The language of the statute requires the summons to be issued "*as in* civil actions," and dictates that the action will "proceed as an ordinary civil action" within the context of the ongoing criminal case. We see no requirement that the State file a separate civil action. In fact, section 16-84-207(e)(1) states: "No pleading on the part of the state shall be required in order to enforce a bond under this section." This interpretation of section 16-84-207(e)(2) is also supported by the model Order for Issuance of Arrest Warrant and Summons/Order for Surety to Appear, as promulgated by our supreme court in its revision of Rule 9.5 of the Rules of Criminal Procedure in 2005, which clearly indicates that the order should bear the criminal case number of the underlying criminal action. *See also Hood v. State*, 237 Ark. 332, 372 S.W.2d 588 (1963) (holding that bond forfeiture is a criminal proceeding). We agree with the trial court's ruling that the summons/order in this case properly complied with section 16-84-207, and we hold that the trial court did not err in ordering the bond forfeiture.

Affirmed.

GRIFFEN and GLOVER, JJ., agree.